# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| USA-NPL, LLC, a New York Limited Liability Company )<br><br>Plaintiff, )<br><br>v. )<br><br>NATIONAL PICKLEBALL LEAGUE, LLC, a Florida Limited Liability Company )<br><br>Defendant ) | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, USA-NPL, LLC ("USA-NPL"), for its causes of action against Defendant, National Pickleball League, LLC ("NPL"), alleges and states as follows:

## NATURE OF THIS ACTION

1. This is an action for federal trademark infringement, unfair competition, and for a declaratory judgment of trademark priority and ownership. This action arises from Defendant's adoption and use of marks that are confusingly similar to Plaintiff's senior common law trademarks used in connection with the sport of pickleball. An actual controversy exists between the parties, as evidenced by a pending opposition proceeding before the Trademark Trial and Appeal Board ("TTAB").

## THE PARTIES

2. Plaintiff USA-NPL LLC is a limited liability company organized under the laws of New York, with its principal place of business at 235 Weaver St #6A, Greenwich, Connecticut 06831.

1

3. Upon information and belief, Defendant National Pickleball League, LLC is a limited liability company organized under the laws of Florida, with its principal place of business at 1865 Veterans Park Drive #203, Naples, Florida 34109.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this case arises under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), specifically 15 U.S.C. § 1125(a).

5. This Court has jurisdiction to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant has directed its commercial activities toward residents of Oklahoma and this judicial district, and Plaintiff's claims arise out of those activities.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

8. Plaintiff is engaged in the business of supporting, promoting, and organizing activities related to the sport of pickleball, including tournaments, training events, and trade shows across the country.

9. Commencing prior to Defendant's alleged dates of first use, Plaintiff adopted and began using the trademarks NATIONAL PICKLEBALL LEAGUE and NPL (the "Plaintiff's Marks") in connection with its services. Plaintiff's services specifically include the promotion and implementation of a national league of pickleball players.

2

10. Plaintiff has made substantial investments in advertising and promoting its services under the Plaintiff's Marks. As a result, consumers in the pickleball community have come to recognize Plaintiff's Marks and associate them with high-quality services originating from Plaintiff.

11. Plaintiff has established valuable common law trademark rights in the Plaintiff's Marks through its continuous use in commerce.

12. On or about December 15, 2022, Defendant filed U.S. Trademark Application Serial No. 97/720,194 to register the mark "NPL."

13. On or about December 15, 2022, Defendant filed U.S. Trademark Application Serial No. 97/720,201 to register the mark "NPL" (with logo design).

14. On or about December 16, 2022, Defendant filed U.S. Trademark Application Serial No. 97/720,861 to register the mark "NPL PICKLEBALL."

15. On or about July 30, 2024, Defendant filed U.S. Trademark Application Serial No. 98/673378 to register the mark "NATIONAL PICKLEBALL LEAGUE."

16. Defendant seeks to register its marks for services described in part as "Organizing, arranging and conducting competitions for a court-type game with a net, paddles, and balls for senior, age 50+, professional players who have a rating of 4.5 or higher in the game", which are services in the same field of trade as Plaintiff's services.

17. Defendant's "NPL", "NPL" (with logo), "NPL PICKLEBALL", and NATIONAL PICKLEBALL LEAGUE" marks (the "Defendant's Marks") are confusingly similar to Plaintiff's senior NPL and NATIONAL PICKLEBALL LEAGUE marks.

18. On April 30, 2024, Plaintiff filed a Consolidated Notice of Opposition with the TTAB to oppose Defendant's applications, creating an actual and ongoing controversy between the parties as to the priority and ownership of the marks.

19. Defendant's use of its marks is likely to cause confusion, mistake, or deception among consumers, who are likely to believe that Defendant's services are affiliated with, sponsored by, or approved by Plaintiff, to the detriment of Plaintiff's reputation and goodwill.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

20. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff possesses senior common law rights in the Plaintiff's Marks.

22. Defendant, without authorization from Plaintiff, has used in commerce marks, namely Defendant's Mark, that are confusingly similar to the Plaintiff's Marks in connection with services that are the same as, or closely related to, Plaintiff's services.

23. Defendant's actions constitute use of a false designation of origin, trademark infringement, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Upon information and belief, Defendant's infringement has been willful and with full knowledge of Plaintiff's senior rights.

25. As a direct and proximate result of Defendant's actions, Plaintiff has been and will continue to be irreparably harmed.

### COUNT II: DECLARATORY JUDGMENT OF SENIOR USER RIGHTS
### (28 U.S.C. § 2201)

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. An actual and justiciable controversy exists between Plaintiff and Defendant regarding which party has priority and the exclusive right to use the NPL and NATIONAL PICKLEBALL LEAGUE marks in connection with pickleball-related services.

28. Plaintiff seeks a declaratory judgment from this Court that it is the senior user of the Plaintiff's Marks and that its rights are superior to any rights claimed by Defendant in Defendant's Marks.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant, awarding the following relief:

A. A declaration that Plaintiff is the senior user and owner of all right, title, and interest in and to the NATIONAL PICKLEBALL LEAGUE and NPL trademarks;

B. A preliminary and permanent injunction restraining Defendant and its agents, employees, and all others in active concert with them from using the NPL, NPL (with logo), NPL PICKLEBALL, and NATIONAL PICKLEBALL LEAGUE marks or any other confusingly similar mark;

C.  An order directing the U.S. Patent and Trademark Office to refuse registration of U.S. Application Serial Nos. 97/720,194; 97/720,201; 97/720,861; and 98/673,378.

D.  An award of Defendant's profits, actual damages, and costs of this action, with such amounts trebled pursuant to 15 U.S.C. § 1117(a) due to the willful nature of the infringement;

E.  A finding that this is an "exceptional case" and an award of reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a); and

F.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: September 17, 2025

Respectfully Submitted,

s/Phillip L. Free, Jr.
Phillip L. Free, Jr. OBA#15765
PHILLIP FREE LAW, PLLC
1300 E. 9th Street, Suite 8
Edmond, OK 73034
(405) 446-8811
phil.free@okciplaw.com

**Attorney for Plaintiff**